————o————

August Verhein, Appellant, *vs.* Christian Schultz and Louis Strickbein, Respondents.

1. *Res adjudicata judgment must be on merits.*—A former judgment to operate as *res adjudicata*, must be a judgment on the merits.

*Appeal from Buchanan Circuit Court.*

*J. H. Ringo,* for Appellant.

*H. M. Ramey,* for Respondents.

Wagner, Judge, delivered the opinion of the court.

As a defense to the plaintiff's action, the defendant set up in his answer, and gave in evidence, the record of a judgment in his favor, for the same cause of action now sued on, and claimed that the same constituted an effectual and absolute bar to any further proceedings. To evade the estoppel, arising out of the prior judgment, the plaintiff insists that the cause in which judgment was rendered was not decided on its merits, and that he offered evidence to show that fact, and that the evidence was excluded by the court, and that the decision in the case here presented was

adverse to him solely on the ground that the former judgment was conclusive. But the record shows a different state of facts.

The bill of exceptions states that the plaintiff offered evidence tending to prove the issues raised in his pleadings, but it is not stated or shown that the court rejected the evidence or that any exception was taken to the ruling of the court on that account. The judgment sets out that the cause was submitted to the court by agreement of the parties, and that after hearing the evidence, the court found for the defendant. The record does not sustain the assumption of the plaintiff's counsel, that the court refused the introduction of the evidence. But the contrary directly appears. If instead of being admitted, the evidence was rejected, the party should have been more careful in making up his bill of exceptions. We are bound to decide according to the record and can notice only such facts as are contained therein. If injury has resulted to the party in consequence of the record not representing the true state of the case, we are powerless to afford any remedy.

No instructions were asked for or given on either side, and no other question is raised requiring any notice.

Judgment affirmed, all the judges concurring except Judge Sherwood who is absent.