CONRAD KULL ET AL. v. BRADLEY M. THOMPSON ET AL.

*Assignment of partnership claim—Set off.*

Where an assignment of a partnership claim was made by an agent of the firm with the consent of one of the partners, to apply on a demand against the agent and the consenting partner, it was *held* that the objection that the assignment was invalid for want of the assent of all the partners, only went to the sufficiency of the consideration as between the partnership and the assignees, and could only be raised by the partners themselves.

An assignment in the name of a firm cannot be contested by third persons without showing that the partners did not acquiesce in it.

An assigned claim cannot be offset by a demand that had not matured at the time the assignment was made.

Error to Saginaw. Submitted April 11. Decided April 16.

ASSUMPSIT. Defendants bring error.

*Albert Trask* for plaintiffs in error. A firm is not bound by the application of its assets to pay the debt of an individual partner without the assent of the rest. Story on Partnership, 132, *n.*

*Thompson & Tarsney,* defendants in error, in person.

COOLEY, J. The defendants in error brought action in the court below on an agreement in writing by which the firm of C. Kuhl & Sons, the plaintiffs in error, promised to pay Korb & Co. seventy-five barrels fine salt, on demand, at $1.10 per barrel, and which was dated October 27, 1876. Plaintiffs claimed the demand under an assignment made to them November 3, 1876. The assignment appears to have been made by an agent of the co-partnership of Korb & Co., with the consent of one of the members, to apply on a demand against said agent and the partner assenting, and there was no evidence that the other partners assented. The defendants

insisted that, for want of the assent of all, the assignment was invalid. But the objection only goes to the sufficiency of the consideration as between the partnership and the assignees, and is not, as we think, to be taken by any others than the partners themselves. If in fact the assignment was unauthorized, the partnership may call the plaintiffs to account, but third persons cannot contest a transaction which is perfectly good if the partners acquiesce in it. If defendants denied such acquiescence, they should have produced the evidence.

Defendants also relied upon a set-off against Korb & Co. The set-off was for a car load of salt sold to Korb & Co. for cash November 1, 1876, but for which a sight draft was taken, which would not fall due until November 4, the day after the assignment was made. This draft was subsequently returned, and a new one taken therefor, but that fact is immaterial. We think the court was right in holding that there was at the time of the assignment, no demand which was the subject of set off.

The judgment must be affirmed with costs.

The other Justices concurred.