KOEGEL v. MICHIGAN TRUST CO.

Banks—Receivers—Assignment of Rent—Set-off.

An assignment of rent to become due from the receiver of an insolvent bank for the use of a banking office month by month after the assignment is not subject to a set-off of a debt which was due and payable to the bank from the assignor when the assignment was made.

Appeal from Kent; Grove, J. Submitted June 10, 1898. Decided July 12, 1898.

Petition of Eva Koegel for an order requiring the Michigan Trust Company, as receiver of the Mecosta County Savings Bank, to pay a claim for rent. From an order granting the petition, respondent appeals. Affirmed.

*Dunham & Dunham* (*Kingsley & Kleinhans*, of counsel), for petitioner.

*M. Brown*, for respondent.

Long, J. The Michigan Trust Company was appointed receiver of the Mecosta County Savings Bank upon the petition of the banking commissioner of the State; and on November 16, 1896, all the property of the bank was turned over to it, and it has been in possession since that time. At the time the bank failed, it was occupying a banking office in the Comstock Block, in the city of Big Rapids. The block was owned at the time of the failure, and ever since has been owned, by Daniel F. Comstock, the president of the bank. Since the receiver was appointed, it has occupied the same banking office in this block, but has paid no rent therefor. On January 9, 1897, Daniel F. Comstock, by an instrument in writing, assigned all the rent due and to become due from the receiver for the use and occupation of this banking office to his daugh-

ter, the petitioner here, who thereafter filed her petition in the court appointing the receiver, to compel it to pay, out of the funds in its hands, her claim for the rent. It was shown that the rental value was $83.33 per month. The court below directed the payment by the receiver for the period from November 16, 1896, to September 17, 1897, at the above rate, amounting to $833.33. The receiver appeals from this order.

At the time the assignment of rent was made, it appears that Comstock was indebted to the bank in the sum of upwards of $63,000, and, in addition, was holden and liable to depositors upon about 20 shares of the capital stock of the bank; and it appears that it will be necessary to make an assessment upon said stock to pay such liabilities. The bank also owes its depositors about $204,000; and on January 9, 1897, Comstock gave a chattel mortgage for that amount, to secure his own indebtedness to the bank and to secure the depositors. Counsel for the receiver contends that, under this state of facts, the petitioner here took this assignment of claim for rent subject to all the equities between the bank and Comstock; and the equity he insists upon is the right to set off Comstock's indebtedness to the bank of $63,000 against the rent of the bank building. It is admitted by counsel for petitioner that, as a general proposition, the assignment was subject to all the equities between the debtor and the creditor; but they deny the right to the set-off in this case under the facts appearing,—that this large indebtedness from Comstock was past due at the time the assignment was made, while the rent was not due and payable at that time; that this rent became due in monthly installments during the continued future occupancy of the premises by the receiver, and was earned and became due month by month after the assignment to petitioner. In other words, the claim is that a debt which is due and payable from an assignor cannot be set off against an assigned claim which is not due and payable at the time of the assignment.

We think this rule too well settled to need discussion. The claim assigned to the petitioner was not due and payable at the time it was assigned, and therefore no set-off could be allowed against it. Waterman on Set-Off (2d Ed., § 107) lays down the rule that, until a demand becomes mature, a set-off or counterclaim may be defeated by the assignment by the opposite party of his claim, though the latter be insolvent, and his demand has not become payable when assigned. This rule was followed in *Bradley* v. *Thompson Smith's Sons*, 98 Mich. 449 (39 Am. St. Rep. 565); *Kull* v. *Thompson*, 38 Mich. 685; *Richards* v. *La Tourette*, 53 Hun, 623; *Coffin* v. *McLean*, 80 N. Y. 563; *Fuller* v. *Steiglitz*, 27 Ohio St. 355 (22 Am. Rep. 312). See, also, 22 Am. & Eng. Enc. Law, 301.

The order of the court below must be affirmed.

The other Justices concurred.