HENDERSON v. MICHIGAN TRUST CO.

BANKS—RECEIVERS—ASSIGNMENT OF RENT—SET-OFF.

An assignment of rent to become due from the receiver of an insolvent bank for the use of a banking office month by month after the assignment is not subject to a set-off of a debt which was due and payable to the bank from the assignor when the assignment was made.

Appeal from Kent; Grove, J. Submitted April 6, 1900. Decided April 24, 1900.

Petition of Eva Z. Henderson for an order requiring the Michigan Trust Company, as receiver of the Mecosta County Savings Bank, to pay a claim for rent. From an order granting the petition, respondent appeals. Affirmed.

*E. F. Uhl* and *Frank Dumon*, for petitioner.

*M. Brown*, for respondent.

LONG, J. This is an appeal from an order requiring the Michigan Trust Company, as receiver of the Mecosta County Savings Bank, to pay a claim for rent. The case is the same as the case of *Koegel* v. *Michigan Trust Co.*, 117 Mich. 542 (76 N. W. 74), and the plaintiff in both cases is the same, she having married since the first suit. In the former case the action was for rent from November 16, 1896, to September 17, 1897. In the present case it is for rent from September 17, 1897, to July 17, 1898. After a full hearing in the court below, the court directed the receiver to pay the claim. From this order the receiver has appealed.

The same questions are raised as in the former case. In that case it was claimed that claimant took the assignment of claim for rent subject to all the equities between

the bank and Comstock, the assignor, with the right of the bank to set off its claim against Comstock. It was held that, this indebtedness being past due, the receiver could not set it off against the claim of claimant, which became due and payable to her after the assignment was made. The principle was applied that a claim which is past due cannot be set off against an assigned claim which was not due and payable at the time of the assignment. It is claimed that that case is *res adjudicata* of the present. The case need not be rested upon that claim, as the same principle must control the present case as was applied in the former.

The order must be affirmed, with costs in favor of the claimant.

The other Justices concurred.