## C. E. BRAKEFIELD v. JAMES J. LUCAS.

(Filed Feb. 8, 1901.)

RES JUDICATA—*Judgment on Merits.* A judgment of the court that the defendant, Lucas, should recover his costs, and that there was "no joint liability on the part of the co-defendants," is not a judgment upon merits, and not final and conclusive in the sense that a plea of *res judicata* may be founded upon it in a separate action by the same plaintiff against the defendant, Lucas, involving the right to recover for the conversion of the subject matter, which was a part of the controversy in the action first mentioned.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*Criley & Baxter,* for plaintiff in error.

No brief filed for defendant in error.

### STATEMENT OF THE CASE.

This suit was begun before a justice of the peace for Canadian county. The bill of particulars charged, that on the 22d day of January, 1894, the defendant carried away and converted to his own use three hundred and fifty bushels of oats, the property of the plaintiff, of the value of $87.50 which was due and unpaid.

The defendant answered that in a former action before a justice of the peace, in which Ferguson was plaintiff and Brakefield, the plaintiff here, was defendant, the justice of the peace had undertaken to render a judgment against the defendant, for the sum of $75 principal, and

$6.50 costs; that no judgment was ever entered in said cause, as provided by law, and was void, but that thereafter, a pretended execution was issued therefrom, and Jackson, the sheriff of Canadian county, proceeded to levy the execution upon the personal property of the defendant, the plaintiff herein, a part of which was the three hundred and fifty bushels of oats sued for in this action, to satisfy the pretended judgment and costs. The property so seized under the pretended execution was sold, Lucas becoming the purchaser of the oats. An action was begun in the district court of Canadian county, by Brakefield, to restrain Jackson, the sheriff, his under sheriffs and associates in office, from making the sale of the property so taken under the pretended execution, and for other relief. The sheriff proceeded to sell the property.

The petition having been amended, and a supplemental petition having been filed, the cause in the district court was finally determined, with Brakefield as plaintiff, and with Jackson, the sheriff, Ferguson and Lucas, the defendants herein and others, as defendants, and the court found that the judgment under which the oats had been sold "is void and of no effect, and that the execution mentioned in said petition was issued without authority of law, and that the defendant as sheriff of said county, had no right to seize and levy upon the plaintiff's property. by virtue of the said execution; that the value of the plaintiff's property taken upon the said execution by the defendant, Jackson, is $135.00; that there exists no joint liability on the part of the co-defendants, Ferguson, or * * * James Lucas * * * with the defendant, T. R. Jackson, on the cause of action set forth in the plead-

ings; and it is therefore by the court considered, ordered and adjudged that the defendants, Ferguson! * * * James Lucas * * * recover their costs against the plaintiff" and that "the plaintiff have and recover of the defendant T. R. Jackson, the sum of $135.00."

It was further ordered that plaintiff, Brakefield, pay the costs of the action made by the defendants, Ferguson, Lucas· and others, and also such costs as have been incurred in this action by reason of the other defendants having been made parties thereto. This judgment was not appealed from, and became final.

Lucas further answered that by reason of the proceedings had in the case hereinabove referred to; that is, the final judgment rendered against Jackson, that "the subject matter of the controversy involved has been finally settled and adjudicated." To this answer of the defendant, the plaintiff demurred, for the reason that the facts alleged were not sufficient to constitute a defense.

Opinion of the court by

McAtee, J.: The sole question involved in the case is whether the judgment of the district court against Jackson and the finding of the court that "there exists no joint liability on the part of the co-defendants, Ferguson, Lucas and others, with the defendant Jackson, on the cause of action set forth in the pleadings of the plaintiff," and by which it was, therefore, by the court "ordered and adjudged that the defendants, Ferguson, Lucas and others, recover their costs herein against the plaintiff;" is a good defense in this action.

The finding of the court was that there was "no joint liability on the bart of the co-defendants," including Lucas, and that, therefore and on that account, the court

ordered that they should recover their costs against the plaintiff.

This was not a judgment based on the merits. It was not a determination that Lucas and the other defendants might not have been, to similar or different extents, liable, if they had been sued separately. It was simply a determination that, upon the facts of that case, they were not "jointly" liable.

If a suit is disposed of upon any ground which does not go to the merits of the action, the judgment rendered will prove no bar to another suit. (*Hughes v. U. S.* 4 Wall. 232; *Jordan v. Siefert,* 126 Mass. 25; *Gould v. Evansville, etc., R. Co.,* 91 U. S. 526; *Verhein v. Schultz,* 57 Mo. 326; *Detroit v. Houghton,* 42 Mich. 459; *Rogers v. Higins,* 57 Ill. 244.)

The rule is that when it can be gathered from the record that the merits of the controversy were not passed upon in the first action, or that the determination proceeded upon some technical objection, not affecting the plaintiff's ultimate right to sue, the first judgment will constitute no bar to the second suit. (*Carmony v. Hoover,* 5 Pa. St. 305; *Wells v. Moore,* 49 Mo. 230; *Foster v. The Richard Busteed,* 100 Mass. 412.)

The result of the whole matter is that a judgment not passed upon the merits, is not final and conclusive in the sense that a plea of *res judicata* may be founded on it. (21 Amer. & Eng. Enc. of Law, 266.)

The demurrer to the defendant's answer should have been sustained.

The cause is remanded, with directions to the district court to reverse this ruling, and to sustain the demurrer in the cause.

All of the Justices concurring.