(83 App. Div. 163.)

### HEBBLETHWAITE v. FLINT et al.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. FINAL JUDGMENT—CONFORMITY TO INTERLOCUTORY JUDGMENT.
　　The court in directing the final judgment is not confined to the interlocutory decree or foreclosed by it; Code Civ. Proc. § 1231, merely providing that in an action triable by the court an interlocutory judgment "may" state the substance of the final judgment, and there being no provision that it must state it.

Appeal from Special Term, Kings County.

Action by Frank H. Hebblethwaite against Charles R. Flint and another. From so much of an order of the Supreme Court as denies the motion for resettlement of the decision and interlocutory judgment herein to the extent set forth in plaintiff's notice of motion, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Howard R. Bayne, for appellant.
William N. Dykman, for respondents.

JENKS, J. We think that the plaintiff can safely proceed under the interlocutory judgment as it now stands. We do not understand

that the court in directing the final judgment is confined to the inter-locutory decree or is foreclosed by it. Section 1231 of the Code of Civil Procedure provides: "In an action triable by the court, an interlocutory judgment, rendered upon a default in appearing or pleading, or pursuant to the direction contained in a decision or re-port, may state the substance of the final judgment, to which the party will be entitled." We know of no provision that it must state the substance of the final judgment. As we read the record, the Special Term has decided that there must be an accounting to the plaintiff as to the first cause of action, and has decided in favor of the plaintiff, and has measured out the specific terms of his judgment as to the second cause of action. The interlocutory judgment is in express terms limited to the first cause of action. The court has, in effect, made a reference of the account filed, with a direction that the report of the referee thereon be returned to it. The decision reads: "Let an interlocutory judgment be entered for an account-ing under the said first cause of action, and, upon the said account being taken and stated, let a final judgment be entered herein as aforesaid, and for the sum due from the defendants to the plaintiff, or as it may be." The interlocutory judgment, after providing for presentation of the referee's report on the accounting aforesaid to the court which made the decision, reads: "Whereupon a final de-cision will be made and final judgment given." Thus the decision has defined the relative legal rights·of the parties, while the interlocutory judgment is merely to provide for the taking of the account and the return of the report thereon to the trial court. Until that account is stated, the specific full final judgment in the entire case cannot be de-termined, and when this is completed the court will direct final judg-ment by taking together the result of the accounting and the relief already determined for the plaintiff. The costs and allowance can be determined when final judgment is ready for entry, while the allow-ance cannot be determined before that time.

The order should be affirmed, but, under the circumstances, it may be without costs or disbursements. All concur.