## BILLY et al. v. LE FLORE COUNTY GAS & ELECTRIC CO.

No. 20288. Opinion Filed Sept. 30, 1930,

Rehearing Denied Dec. 23, 1930.

J. T. Johnson, LaFayette Walker, and Geo. S. Evans, for plaintiff in error.

Rowland & Talbott and T. T. Varner, for defendant in error.

EAGLETON, C. Albert Billy is one-half blood Choctaw citizen, enrolled opposite roll No. 6799. Certain lands were allotted to him as his homestead allotment. He and his wife, Dora Billy, resided on said premises as their homestead from July 5, 1907, and were residing there at the time this suit was filed. In 1912, Albert Billy made an oil and gas lease on said premises to the Nodak Oil Company, which lease was approved by the Secretary of the Interior. His restrictions were removed October 7, 1919. The Le-Flore County Gas & Electric Company,

228

through mesne assignments, became the owner of the lease. In March, 1914, it commenced operations on said premises and for many years produced gas therefrom. In 1922, Albert Billy and Dora Billy, his wife, in cause No. 3629, in the district court of LeFlore county, brought suit to cancel said lease on ground that it was their homestead and the lease was not executed by Dora Billy, spouse of Albert Billy. On April 16, 1923, judgment was entered in that cause canceling the lease. The defendant appealed the cause to this court as cause No. 14782, but thereafter dismissed its appeal. On January 15, 1924, Albert Billy and Dora Billy brought this suit against LeFlore County Gas & Electric Company on the judgment entered in cause 3629 for an accounting and to recover for the gas taken from said premises. The defendant by answer set up that subsequent to their dismissal of their appeal of cause No. 3629, the Supreme Court of the United States, in Sperry Oil & Gas Company v. Chisholm, 264 U. S. 488, 68 L. Ed. 803, rendered on April 7, 1924, decided that an oil and gas lease contract on restricted lands of an Indian citizen and allottee, in which the spouse failed to join, when approved by the Secretary of the Inferior, is a valid lease notwithstanding the Constitution and statutes of the state of Oklahoma to the contrary; that this decision is binding on the courts of the state of Oklahoma, and by reason thereof the plaintiffs acquired no rights under said judgment and that this judgment in cause No. 3629, so rendered, is not a basis for an action by the plaintiffs against the defendant to recover the value of the gas taken under the terms and conditions of the lease contract, which was a valid lease contract notwithstanding the decision of the trial court to the contrary; that said petition on its face showed that it was without equity; that in cause 3629, which was an equitable proceeding, the court had jurisdiction to settle all the rights and liabilities as between the parties, and having failed to decree an accounting therein, the judgment therein was res adjudicata of an accounting and estopped the plaintiffs from again litigating that question; and alleged further defenses which it is not necessary for us to consider herein. The plaintiffs filed a reply in the nature of a general denial thereto. Defendant's motion for judgment on the pleadings and record of the cause was sustained. Plaintiffs' motion for new trial was overruled and they bring this appeal.

The determinative question here presented is whether or not under the pleadings there was any issue of fact to be tried. If there were an issue of fact made by the pleadings, it was error for the trial court to sustain defendant's motion for judgment. Peck v. First Nat. Bank of Claremore, 5 Okla. 252, 150 Pac. 1039; Mires v. Hogan, 79 Okla. 233, 192 Pac. 811; Noland v. Owen, 13 Okla. 408, 74 Pac. 954; Cobb v. Wm. Kenefick Co., 23 Okla. 440, 100 Pac. 545; Deming Inv. Co. v. Reed, 72 Okla. 112, 179 Pac. 35; Hurie v. Quigg, 121 Okla. 80, 247 Pac. 677.

We will give consideration to each contention made by the defendant to sustain this judgment. It first contends that the trial court overruled a demurrer filed by the plaintiffs to its answer; that the plaintiffs elected to stand on said demurrer, gave notice of their intention to appeal to the Supreme Court thereon, made supersedeas bond therefor; that they failed to perfect their appeal, and that the order entered on said demurrer made a final determination of the cause, so the trial court was without jurisdiction to proceed further therein other than to enter judgment for the defendant, it having by its order on the demurrer adjudicated finally that a good defense had been pleaded, which facts were admitted by the demurrer.

With this contention we do not agree. The trial court did not lose jurisdiction of this proceeding when the plaintiffs elected to stand on their demurrer to defendant's answer and gave notice of intention to appeal thereon to this court. The appellate court does not obtain jurisdiction of the cause until an appeal is perfected. The order made on the demurrer was merely interlocutory and the determination made thereon was not final and binding on the court making it, but could be reviewed and changed by the court at any stage of the proceeding prior to the final judgment in the cause. Wells v. Shriver, 81 Okla. 108, 197 Pac. 460; 10 R. C. L. 599, et seq.; Hebblethwaite v. Flint, 62 N. Y. Supp. 471; Pickens v. Daniel (W. Va.) 52 S. E. 215; Brannon v. Wilson (Tex. Civ. App.) 260 S. W. 201.

Subsequent to the ruling on that demurrer the plaintiffs filed a reply and an amended reply. The trial court did not give permission to file these pleadings out of time, but it thereafter refused to strike the same on the motion of the defendant, which is tantamount to granting permission to file them.

The defendant next contends that if the judgment entered in cause No. 3629 is a final judgment and not an interlocutory decree, the plaintiffs may not relitigate any question or issue which might have been tried

therein; that it was such a proceeding as would permit, not only the determination as to the validity of the lease under which defendant was operating, but also the determination of the liability of this defendant, if any, to the plaintiffs for the gas taken from the premises. It would have been proper for the plaintiffs in that action to have joined with their action to quiet title and to cancel the lease an action for accounting and thus determine all the ultimate rights and liabilities between these parties. Probst v. Bearman, 76 Okla. 71, 183 Pac. 886; Murray v. Speed, 54 Okla. 31, 153 Pac. 181; Depuy v. Selby, 76 Okla. 307, 185 Pac. 107. The petition in that cause prayed for a judgment quieting title to the premises in the plaintiffs, for the cancellation of the purported lease under which defendant was operating, and for general relief. We do not assume to pass upon the allegations of that petition to determine whether or not the court could have thereunder ordered an accounting between the parties, for the trial court specifically excluded from its determination that issue, as recited in the journal entry of judgment in the following language:

"And the court does not now determine the rentals for said real estate or determine the value of the oil and gas taken from said lands, but leaves that question for future action between the parties."

A court of equity may exclude from its determination and from its judgment certain facts and issues, and having done so, the issues excluded from the determination may be by the parties thereafter litigated. The rule thus announced is stated in 34 C. J. 797, in the following language:

"A judgment or decree which expressly excepts or reserves from its operation specified rights or claims of the parties in suit, or the decision of questions in issue, or the right to take further proceedings in respect to certain matters, is not a bar to a subsequent action on the matters so reserved: but on the contrary the reservation itself becomes res adjudicata and prevents the raising of any question as to the right to bring or maintain such subsequent suit."

See, also, 34 C. J. 896; 23 Cyc. 1145; Freeman on Judgments, section 704; Smith v. Cowell (Colo.) 92 Pac. 20.

The defendant cites certain cases to sustain its contention that the judgment in cause No. 3629 is res adjudicata of the issues here. They are: Ogden City v. Weaver, 108 Fed. 564; McGourky v. Toledo & Ohio Central Ry. Co., 146 U. S. 536, 36

L. Ed. 1079; Hills and Co. v. Hoover, 142 Fed. 904; Wells v. Shriver, 81 Okla. 108, 197 Pac. 460; Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 Pac. 934; Foreman v. Riley, 88 Okla. 75, 211 Pac. 495; Hardesty v. Naharkey, 88 Okla. 253, 213 Pac. 89. In each of these cases the trial court retained the cause for the purpose of determining the ultimate rights of the parties, which was not done in the instant cause, so they do not sustain the defendant's contention. The judgment in cause No. 3629 was a final judgment as to the validity of the oil and gas lease and as to the right of the defendant to operate for oil and gas thereunder, and this determination was adverse to defendant. These questions were put in issue and tried. The judgment thereon is final, and the parties thereto and those in privity with them cannot again relitigate the same. Cressler v. Brown, 79 Okla. 170, 192 Pac. 417; Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Brakefield v. Lucas, 10 Okla. 584, 64 Pac. 10; Howe v. Farmers' & Merchants' Bank, 129 Okla. 232, 264 Pac. 210; Kiniry v. Davis, 82 Okla. 211, 200 Pac. 439; Etenburn v. Neary, 77 Okla. 69, 186 Pac. 457; Crowe v. Warnarkee, 114 Okla. 153, 244 Pac. 744; Lind v. Goble, 117 Okla. 195, 246 Pac. 472. It matters not that the determination therein is not consonant with the determination of the same question in subsequent lawsuits, for, as was said in Brownville v. Loague, 129 U. S. 493, 32 L. Ed. 780:

"Res judicata may render straight that which is crooked, and black that which is white, facit ex curvo rectum, ex albo nigrum; Jeter v. Hewitt, 63 U. S. (22 How.) 352, 364 (16:345, 349)."

Inasmuch as it was finally determined in cause No. 3629 that the defendant operated on the premises under a void lease, the operator is liable to the owner of said premises in accounting for the production taken therefrom. Petitt v. Double-O Oil Company, 82 Okla. 13, 198 Pac. 616; Probst v. Bearman, 76 Okla. 71, 183 Pac. 886; Texas Co. v. Petitt, 107 Okla. 243, 220 Pac. 956.

Defendant company cites several decisions of the Supreme Court of the United States which contain statements which lend color of approval to its contention that the court in this proceeding should go behind the judgment entered in cause 3629 and correct the erroneous judgment therein entered and enter judgment in this cause consonant with the holding in Sperry Oil & Gas Co. v. Chisholm, 264 U. S. 488, 68

L. Ed. 803. In Gay v. Parpart, 106 U. S. 679, 27 L. Ed. 256; Lawrence Mfg. Co. v. Janesville Cotton Mills, 138 U. S. 552, 34 L. Ed. 1005; Texas & Pacific Ry. Co. v. Southern Pacific Company, 137 U. S. 48, 34 L. Ed. 614, the decrees which were reviewed in the collateral proceedings were each consent decrees and were not res adjudicata of the issues it was claimed were passed upon. In Brownville v. Loague, 129 U. S. 493, 32 L. Ed. 780, the court in a suit to mandamus the levy of taxes to satisfy judgments rendered against the municipality held that the judgment roll in the suit reducing the purported bonds to judgment disclosed that the judgment entered on the bonds was not binding, for the judgment was void, as the petition stated no cause of action. The court said:

"Res judicata may render straight that which is crooked, and black that which is white, facit ex curvo rectum, ex albo nigrum; Jeter v. Hewitt, 63 U. S. (22 How.) 352, 364 (16:345, 348); but where application is made to collect judgments by process not contained in themselves, and requiring, to be sustained, reference to the alleged cause of action upon which they are founded, the aid of the court should not be granted when upon the face of the record it appears, not that mere error supervened in the rendition of such judgments, but that they rest upon no cause of action whatever."

In Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, the court held that the former judgment relied upon was not res adjudicata, for the reason that the issue then before it was not litigated in the prior proceedings. It is said in the syllabus thereof:

"The difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action, stated. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

"In an action against a county in Iowa upon certain interest coupons originally attached to bonds issued by the county for the erection of a courthouse, it was found and determined that the bonds were void as against the county in the hands of the parties who did not acquire them before maturity for value; and, inasmuch as the plaintiff in that action had not proved that he had given such value, it was adjudged that he was not entitled to recover. Held, that the judgment did not estop the plaintiff, holding other bonds of the same series and other coupons attached to the same bonds as the coupons in the original action from showing, in a second action against the county, that he acquired such other bonds and coupons for value before maturity."

In the County of Franklin v. The German Savings Bank, 142 U. S. 93, 35 L. Ed. 948, the syllabus announces the rule of res adjudicata:

"Where a court having complete jurisdiction of a cause has pronounced a decree upon a certain issue, such issue cannot be retried in a collateral action, even although the evidence upon which the case is heard is sent up with the record.

"The binding effect of a judgment where offered in evidence in a distinct and collateral action between the same parties is conclusive."

And again, in the body of the opinion, discusses the question in the following language:

"But we know of no case which goes to the extent of holding that where a court having complete jurisdiction of the case has pronounced a decree upon a certain issue, such issue may be retried in a collateral action, even although the evidence upon which the case is heard is sent up with the record. If this were possible, then in every such case where a judgment or decree is pleaded by way of estoppel, and the record shows the evidence upon which it was rendered, the court in which the estoppel was pleaded would have the power to retry the case and determine whether a different judgment ought not to have been rendered. The case of Brownsville Tax Dist. Com'rs v. Loague, 129 U. S. 493 (32 L. Ed. 780), has perhaps gone as far in the direction indicated by the defendant as any case reported in the books, but it is far from being an authority for the position assumed here. That was a petition for a mandamus to enforce the collection of judgments of a circuit court upon certain bonds which this court had held to be invalid. The court denied the application of the relator upon the ground that, in his pleadings, he did not rely exclusively upon the judgments, but opened the facts which attended the judgments for the purpose of

counting upon a certain act of the Legislature as furnishing the remedy which he sought, and that by so doing he, in effect, asked the court to order the levy of a tax to pay the coupons, and relied upon the judgments principally as creating an estoppel of a denial of the power to do so. 'Thus invited,' said the Chief Justice, 'to look through the judgments to the alleged contracts on which they are founded, and finding them invalid for want of power, must we nevertheless concede to the judgments themselves such effect, by way of estoppel, as to entitle the plaintiff, ex debito justitiae, to a writ commanding the levy of taxes under a statute which was not in existence when these bonds were issued? * * * But where application is made to collect judgments by process not contained in themselves, and requiring, to be sustained, reference to the alleged cause of action upon which they are founded, the aid of the court should not be granted when upon the face of the record it appears, not that mere error supervened in the rendition of such judgments, but that they rest upon no cause of action whatever.' This, however, does not touch the question of the binding effect of judgments when offered in evidence in a distinct and collateral action. We know of no case holding their probative effect to be anything else than conclusive. Had the plaintiff county desired further to test the validity of these bonds, it was its duty to have appealed from this decree, as did the bank with respect to the bonds which that court held to be invalid, when the question of the validity of both issues could have been heard and determined by this court."

These cases from the Supreme Court of the United States do not aid the defendant in this action.

A careful examination of the facts and reasoning in Hanchett Bond Co. v. Morris, 143 Okla. 110, 287 Pac. 1025, discloses that the situation we have here was not passed upon.

This is not a second appeal of cause No. 8629, but is a separate, distinct and collateral proceeding, so does not come within the rule that the Supreme Court on a second appeal may correct an erroneous decision rendered on a former appeal as announced in Cowokochee v. Chapman, 90 Okla. 121, 215 Pac. 759, and Powell v. United Mining & Milling Co., 107 Okla. 170, 231 Pac. 307.

It could not well be said that it is affirmatively shown that plaintiffs' claim is clearly without equity, as it is founded upon a judgment rendered in plaintiffs' favor in a suit against this defendant after a full trial thereon was had, and the judgment entered was consonant with the then and prior holdings of this court on the same question. Defendant appealed that cause to this court, but thereafter dismissed its appeal and abandoned the contest of the determination in that cause. Equity will not intervene to protect one against an erroneous judgment who has failed to avail himself of an appeal. Sample v. Barnes, 14 How. 70, 14 L. Ed. 330.

It therefore follows that the judgment in cause No. 3629, which is relied upon by plaintiffs herein, is a final judgment as to defendant's right to produce oil and gas from the premises under the lease given by Albert Billy, and its correctness cannot be questioned in this collateral proceeding even though error might have inhered therein and an appeal therefrom might have determined the cause in favor of the defendant sustaining its oil and gas lease. The right of the defendant to produce oil and gas from these premises has been finally determined, and there remains the question of the accounting of the defendant company to the plaintiffs for the oil and gas extracted and removed from these premises. The plaintiffs stated a good cause of action therefor. Defendant's answer puts in issue the amount of oil and gas removed therefrom. It was error for the court to sustain defendant's motion for judgment.

There are other questions raised in this appeal, but we deem it unnecessary to pass upon them in view of our determination as to the error of the trial court in entering judgment for the defendant on defendant's motion.

The cause is reversed and remanded, with instructions to take such further proceedings as are consonant herewith.

HERR, DIFFENDAFFER, HALL, and TEEHEE, Commissioners, concur. LEACH, Commissioner, dissents.

By the Court: It is so ordered.