## WIDDOWS et al. v. KEATON.

### No. 264.

District Court, N. D. Oklahoma.
Oct. 31, 1930.

Frank T. McCoy and John T. Craig, both of Pawhuska, Okl., for complainants.

Robert B. Keenan, of Tulsa, Okl., for defendant.

KENNAMER, District Judge.

The complainants by their bill filed in this court seek a decree adjudging the complainants to be the owners of a certain receiver's certificate, and decreeing said certificate to be a valid outstanding claim against the assets of the First National Bank of Barnsdall, Okl., and requiring the receiver to pay to complainants their just proportion of the assets of said bank. The material facts as presented by the pleadings, and the evidence introduced may be summarized as follows:

The First National Bank of Barnsdall, Okl., on the 28th day of July, 1924, instituted suit against G. R. Little in the district court of Osage county, Okl., case No. 8897, and caused C. M. Martin to be appointed receiver over two buildings located on lots 8 and 9 in block 18 in the town of Barnsdall, Okl. Martin, as receiver, collected rents to the amount of $4,312.63 from the buildings located on the property over which he was appointed receiver. The funds collected by Martin as receiver were deposited in the First National Bank of Barnsdall to his credit as receiver. On the 4th day of June, 1926, the First National Bank of Barnsdall was by order of the Comptroller of the Currency closed and placed in the hands of the defendant in this action as receiver. The action instituted by the First National Bank of Barnsdall was dismissed by the receiver appointed by the Comptroller of the Currency. On the 6th day of October, 1926, the district court of Osage county, Okl., entered an order discharging Martin as receiver and ordering the property

over which he had been appointed receiver returned to the defendant, G. R. Little, except all the money collected by said receiver as rents. The court, after finding that the defendant, G. R. Little, for a valuable consideration had assigned the rents to A. M. Widdows and Frank T. McCoy, ordered that said assignees were entitled to receive said money which the receiver had received as rents from the property paid to said assignees, Widdows and McCoy. Martin indorsed to the complainants herein the receiver's certificate which he had received from the receiver of the First National Bank of Barnsdall covering the deposits of the rents from said property over which Martin was appointed receiver. The district court of Osage county decreed Widdows and McCoy to be the owners of the rental fund in Martin's custody as receiver. The receiver of the First National Bank of Barnsdall appointed by the Comptroller of the Currency, although a party to the action in his official capacity representing the bank, made no objections to the order entered by the court.

The defendant receiver, by his answer and cross-bill filed in the present action, asserts that this order was void because the district court of Osage county was without jurisdiction to enter such order. The defendant asserts that, on the date of the dismissal of this cause 8897 in the district court of Osage county, G. R. Little became the owner and entitled to the funds in the hands of C. M. Martin as receiver, and by his cross-bill seeks to offset certain indebtedness in various sums of G. R. Little to the First National Bank of Barnsdall against the funds in the hands of the receiver and on deposit in said bank on the date it failed and was placed in the hands of the receiver appointed by the Comptroller of the Currency. It is clear from the evidence that G. R. Little on the date Martin was discharged as receiver by the state court was indebted to the First National Bank of Barnsdall in an amount considerably in excess of the $4,312.63 in the hands of Martin as receiver. The evidence further discloses that in cause No. 184 equity, entitled John H. Dykes, Receiver of the First National Bank of Barnsdall, v. Mary E. Little, Executrix of the Estate of G. R. Little, Deceased, et al.,[1] and in cause No. 403 law, in this court, entitled J. H. Dykes, Receiver of the First National Bank of Barnsdall, v. Mary E. Little, Executrix of the Estate of G. R. Little, Deceased,[1] the defendant receiver herein sought to recover judgment against the executrix of the estate of G. R. Little, deceased, upon the obligations and liabilities set up in the cross-bill as offsets against the fund involved in this action. Judgment was entered in favor of the defendant, Mary E. Little, as executrix of the estate of G. R. Little, deceased, upon the ground that the claims were barred for failure of the defendant herein to present the claims within the statutory period of four months to said executrix of the estate of G. R. Little, deceased.

 I am of the opinion that complainants are entitled to the decree as prayed for in their bill. The evidence discloses that the fund involved in the action and deposited by Martin, the receiver, in the First National Bank of Barnsdall, was the proceeds of rent collected by such receiver, which was, for a valuable consideration, assigned to the complainants on or about the 16th day of April, 1924. The validity of the assignment was recognized in the action filed in the state district court of Osage county. The claim assigned to the complainants was for rents not due, but to accrue in the future, and are not subject to a set-off based upon claims or obligations held by the defendant against the assignor which were due and payable at the time of the assignment. Koegel v. Michigan Trust Co., 117 Mich. 542, 76 N. W. 74; Henderson v. Michigan Trust Co., 123 Mich. 688, 82 N. W. 510. Under the facts as established by the evidence in the instant case, the claim for rents assigned to the complainants had the effect of transferring to the assignees the future rents collected by the receiver as against any claim that the assignor might make to the rents. The court in discharging the receiver ordered the rents turned over to the assignees. The rents not being in existence on the date of the assignment, the defendant herein cannot offset any due demands or claims against the assignor as an offset against such claims held against the assignor. The reason is apparent, the lack of mutuality in opposing demands, the mutuality necessary to sustain such an offset, must have existed at the time the assignment was made. The offset set up by the defendant cannot be sustained by reason of the prior judgments entered in this court denying the right of the defendant to recover upon the claims asserted as offsets in the cross-bill.

 Counsel for the defendant asserts that the judgments alleged in the reply constitute no bar to the set-off pleaded in the cross-bill, because such judgments were not rendered upon the merits and do not constitute res ju-

---

[1] No written opinion filed.

dicata. It is conceded by counsel for the defendant that a judgment rendered upon the merits constitutes res judicata, but, if the suit is disposed of upon any ground that does not go to the merits of the action, the judgment rendered will not bar another suit. Brakefield v. Lucas, 10 Okl. 584, 64 P. 10; Hughes v. United States, 71 U. S. (4 Wall.) 232, 18 L. Ed. 303; Swift v. McPherson, 232 U. S. 51, 34 S. Ct. 239, 58 L. Ed. 499; Ledbetter v. Wesley (C. C. A.) 23 F.(2d) 81; National Surety Co. v. Jenkins (C. C. A.) 18 F.(2d) 707; Kinsey v. Duteau, 126 Wash. 330, 218 P. 230; Piles v. Livingston County Court, 1 Ky. Law Rep. 413; Kiniry v. Davis, 82 Okl. 211, 200 P. 439. It is argued that the judgments rendered against the defendant in the prior actions were because of the statute of limitations and not upon the merits. With this contention I cannot agree. The defense of the statute of limitations to an action is not a mere technical defense, but is substantial, and involves the merits of the right of recovery. United States v. Oregon Lumber Co., 260 U. S. 290, 43 S. Ct. 100, 67 L. Ed. 261. Section 274, Compiled Oklahoma Statutes 1921, provides: "Such set-off or counter claim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred." I cannot agree with counsel that this statute is applicable to the case at bar. No question of limitations is involved as to the plaintiffs' claim, and it is not the statute of limitations which the complainants urge against the defendant's set-off, but it is the bar of a judgment of a court of competent jurisdiction.

Decree may be entered for the complainants as prayed for in the bill.