## AKIN v. BONFILS et al.

No. 8407—Opinion Filed Dec. 11, 1917.

(169 Pac. 899.)

(Syllabus.)

**1. Action—Judgment—Splitting Causes of Action—Bar.**

A single cause of action or entire claim or demand cannot be split up or divided so as to be made the subject of different actions for different parts. If this is done, and separate actions are brought for different parts of such demand or cause of action, a judgment upon the merits in one will be available as a bar in the others.

**2. Judgment—Separate Causes of Action—Bar.**

Where separate actions are prosecuted for different and distinct causes of action, which might have been united in one petition, a judgment in one action is not available as a bar to the others.

**3. Action—Splitting Causes of Action.**

An action to enjoin a trespass by defendant on one tract of land, of which plaintiff had possession at the time, and a subsequent action to recover possession of another tract situated in the same county, of which defendant has possession at the time and had at and prior to the commencement of the former action, although in both actions the same issues of title are involved, are not upon a single cause of action within the rule against splitting a cause of action.

Error from District Court, Blaine County; W. C. Crow, Assigned Judge.

Action by F. G. Bonfils and another against Lee A. Akin. Judgment for plaintiffs, and defendant brings error. Affirmed.

See, also, 49 Okla. 492, 150 Pac. 194; 54 Okla. 22, 153 Pac. 678.

Wm. O. Woolman, for plaintiff in error.

Seymour Foose, R. C. Brown, and M. D. Libby, for defendants in error.

MILEY, J. This action was commenced in the district court by defendants in error, F. G. Bonfils and E. P. Kelly, as plaintiffs, and against the plaintiff in error, Lee A. Akin, as defendant, to recover possession and damages for the use and occupation of the west ½ of the northwest ¼, section 25, township 15, range 11, situated in Blaine county, Okla. There was a final judgment

for the plaintiffs, to reverse which this proceeding in error is prosecuted. The parties will be designated as they were in the trial court.

But one question is presented for our decision in this case, and that arises upon the attempt to set up as a defense in bar of this action, a judgment obtained by the plaintiffs in a former action in that court. The former action was one which was commenced by F. G. Bonfils and E. P. Kelly, plaintiffs in the present action, and John Backes against Lee A. Akin, also defendant in this action. It was alleged in the petition in the former action that the plaintiffs Bonfils and Kelly were the owners of a tract of 80 acres of land situated in said Blaine county, described as the west ½ of the southwest ¼ of section 13, township 15 north, range 11, and that the plaintiff Backes was a tenant of the other two parties plaintiff; that the plaintiffs were in possession of said tract; and that the defendant had trespassed upon the land and threatened to forcibly, and without the consent and against the will of the plaintiffs, take possession and dispossess the plaintiffs thereof. The prayer of the petition in the former action was as follows:

"Wherefore the plaintiffs pray that the defendant be temporarily restrained, during the pendency of this action and until final judgment therein, from going upon said real estate and from building fences thereon and from removing any of the personal property of the plaintiffs or either of them situated thereon and from in any manner annoying the plaintiffs or interfering with the use and occupation and possession of the said real estate by the plaintiffs and from in any manner taking or attempting to take possession thereof or to dispossess the plaintiff or either of them thereof, and that upon final hearing said temporary restraining order be made perpetual, and an injunction be granted in favor of the plaintiffs and against the defendant to the same effect and for judgment for all the costs of this action, and for all other relief, orders and judgments to which the plaintiffs may be entitled under the pleadings and evidence."

Final judgment was rendered in that action, adjudging the plaintiffs to be the owners of the said tract of 80 acres as alleged by them; that they were and had been in possession thereof, and granting an injunction against defendant as prayed. Upon appeal to this court, that judgment was affirmed. Akin v. Bonfils, 47 Okla. 492, 150 Pac. 194. The present action was commenced after the rendition of the judgment in the former action.

The two tracts of land involved in the two actions constituted the allotment of Clarence Black, an Arapaho Indian, for which fee-simple patent had been issued to him, dated January 21, 1909. The plaintiffs Bonfils and Kelly claimed title in both actions under a deed executed by the allottee on March 2, 1909, conveying both tracts to John H. Dillon. The defendant Akin claimed title in both actions under deed bearing date of February 3, 1909, executed by the allottee and purporting to convey both tracts to him. Prior to the execution of these deeds, the allottee had leased the tract of 80 acres involved in the former suit to one Joseph Backes, expiring July 11, 1910, and had leased the tract involved in the present action to defendant Akin expiring July 1, 1909, and each was in the possession of the tracts leased to them respectively at the time of the execution of the conveyance mentioned. The allottee had on December 8, 1908, executed another lease on both tracts to defendant Akin, which expired January 1, 1912, but that lease was void for the reason that it was made prior to six months before the expiration of the existing lease. Akin v. Bonfils, supra. After the expiration of the lease by the allottee to Joseph Backes upon the tract of land involved in the former action, the same was rented by the plaintiffs Bonfils and Kelly to John Backes, who was in possession thereof as their tenant at the time the former action was commenced. The defendant Akin had never been in possession of that tract, and it was his attempt to take forcible possession thereof which gave rise to the former action, and which was enjoined. After the expiration of his lease on the tract involved in the present action, the defendant Akin continued to occupy the same and refused to surrender possession thereof to the plaintiffs, asserting title thereto in himself, which gave rise to the present action to recover possession and damages for the use and occupation of the premises after the expiration of his valid lease.

All of the proceedings in the former action and the judgment were pleaded in the present action by the defendant Akin as a bar. This defense was on motion stricken from his answer, which action he assigns as error.

The theory of the defendant is that both actions were upon the same cause of action, and he invokes the rule against splitting causes of action. The rule that a single cause of action or entire claim or demand cannot be split up or divided so as to be

made the subject of different actions for different parts is well settled. If this is done, and separate ac.ions are brought for different parts of such demand or cause of action, a judgment upon the merits in either will be available as a bar in the other. 1 C. J. 1106. The rule applies to actions concerning real property. Dils v. Justice, 137 Ky. 822, 127 S. W. 472; Craig v. Broocks, (Tex. Civ. App.) 127 S. W. 572; Roby v. Eggers, 130 Ind. 415, 29 N. E. 365.

What constitutes a single cause of action or entire demand, it has been frequently observed, is often in particular cases a difficult question, and no definite and precise rule for its determination has been laid down, although various tests have been suggested and applied. In this case, however, it is quite clear that the rule invoked has no application. Different tracts of land separated by the distance of a mile were involved in the two actions. Backes, a proper, if not a necessary, party in the former action, was not and would not have been a proper party in the present action. The evidence upon which the plaintiffs were entitled to recover in the two actions was not the same. In the former action it was necessary to prove that the plaintiffs were in possession of the tract of land involved therein, while in the instant action it was necessary for the. plaintiffs to prove that the defendant was in possession and was withholding the same from them. The wrongs of the defendant which gave rise to the two actions were of a different nature and committed at different times. In the instant case the wrong was committed and the cause of action arose when he continued in possession and refused to surrender same after the expiration of his lease on July 1, 1909; in the former action the wrong which gave rise to the cause of action was committed long thereafter, when he undertook to enter upon the other tract and dispossess plaintiffs and their tenant by force. The relief to which the plaintiffs were entitled in the two actions was of a different nature. In the former it was of an equitable nature, while in the latter legal; in the former action the parties were not entitled to a trial by jury as a matter of right, while in the instant action they were. It seems quite clear to us that the two actions were not upon the same, but upon separate and distinct causes of action.

It is unnecessary to determine whether, under section 4738, Rev. Laws 1910, the plaintiffs might have united their several causes of action in the same petition. As-suming that they might have done so, the plea would not have been available. It is nowhere provided that a plaintiff must join several distinct and separate causes of action. While the Code permits a plaintiff to unite certain classes of causes of action under certain circumstances, yet he is not compelled to do so, and he may at his election prosecute them separately. Bruce v. Kelly; 5 Hun. (N. Y.) 229; Secor v. Sturgis, 16 N. Y. 548; Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663; Beck v. Devereaux, 9 Neb. 109, 2 N. W. 365; In re Dimmick's Estate, 111 La. 655, 35 South. 801; Stark v. Starr, 94 U. S. 477, 24 L. Ed. 276. It follows that in our opinion the trial court did not err in holding that the judgment in the former action was not a bar in the instant action.

We do not understand that the plaintiff in error complains of the action of the trial court in holding that the judgment in the former action was res judicata as to the question of title litigated and determined in that action. In any event, there was no error in the action of the court in that regard. Woodworth v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224; Corrugated Culvert v. Simpson Tp., 51 Okla. 178, 151 Pac. 854; McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029.

The judgment of the court below is affirmed.

All the Justices concur.