## POWELL BROTHERS TRUCK LINES, Inc., v. STATE ex rel. GREEN, County Atty.

No. 26983.     Oct. 6, 1936.

E. M. Frye, W. W. Hamlin, and Wall & Green, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Randell S. Cobb, Asst. Atty. Gen. and Floyd Green, County Atty., for defendant in error.

BUSBY, J. This is a proceeding to confiscate and forfeit one General Motors truck together with a Springfield Auto Works semi-trailer and 250 cases of whisky. It was commenced in the district court of Sequoyah county on the 20th day of January, 1936, by the state of Oklahoma ex rel. Floyd Green, county attorney of Sequoyah county. As the basis of the asserted right to confiscate and forfeit the above property, it is alleged that on or about the 26th day of September, 1935, the truck and trailer above described were being used in Sequoyah county for the illegal transportation of intoxicating liquor mentioned supra. It is also asserted that on said day the property mentioned was seized by Bill Byrd, sheriff of said county, in the performance of his duties as such officer.

On the 31st day of January, 1936, the Powell Brothers Truck Lines, Inc., by leave of court intervened in the confiscation and forfeiture proceedings, asserting their special ownership and right of possession of the property involved. The basis of the intervener's claim is that it is a common carrier doing an interstate transportation business; that the truck and trailer belong to it and that the whisky was received by it at Peoria, Ill., to be transported to the Ft. Smith Wholesale Liquor Company at Ft. Smith, Ark. It is asserted that before delivery of the interstate shipment the truck, trailer, and intoxicating liquor were stolen from it and brought by the thief across the Oklahoma line into dry territory.

The plaintiff, State of Oklahoma ex rel. Floyd Green, county attorney, filed an answer to the interplea of the intervener, Powell Brothers Truck Lines, Inc., by which issues were joined.

From the pleadings thus filed and exhibits attached thereto, it appears that on or about the 3rd day of January, 1936, the Powell Brothers Truck Lines, Inc., as plaintiff, commenced an action in replevin in the United States District Court in and for the Eastern District of Oklahoma against Bill Byrd, sheriff of Sequoyah county, Okla., in which action the plaintiff sought to recover possession of the same property that is involved in this proceeding. The defendant in that action joined issue by filing an answer and cross-petition in which it was denied that the plaintiff was entitled to the immediate possession of the property, and affirmatively asserted, in substance, that the defendant sheriff was entitled to retain possession for the purpose of forfeiture and confiscation under appropriate proceedings in the state court. It was further asserted in the answer and cross-petition that by reason of section 2637, O. S. 1931, replevin was not an appropriate remedy for the purpose of taking the property from the possession of the officer who had seized the same. The cause was heard on the 11th day of January, 1936, in the United States District Court and the decision rendered is reflected by the amended journal entry filed in that court, which reads as follows:

"Amended Journal Entry of Judgment. Now, on this 11th day of January, 1936, the above case came on for trial before Honorable Franklin E. Kennamer, United States District Judge, sitting at Muskogee, Okla., and the plaintiff appearing by counsel, Messrs. Wall and Green, Attorneys at Law, Sallisaw, Okla., and the Honorable E. M. Frye, attorney at law, Muskogee, Okla., and the defendant appearing by Honorable Floyd Green, county attorney of Sequoyah county, Okla., and Honorable Randell S. Cobb, Assistant Attorney General of the state of Oklahoma.

"Upon application of the defendant the court permits the defendant to file in open court a motion to quash the writ of replevin. Thereafter, it is agreed by the parties in open court that the case should be tried at that time upon its merits, and the plaintiff and defendant each in open court having waived a jury and the plaintiff having announced ready for trial, and the defendant having announced ready for trial, the court proceeds to hear the same.

"The plaintiff having introduced its evidence and rested, and the defendant having introduced his evidence and rested, and the court being fully advised in the premises,

finds that the allegations of plaintiff's petition are not supported by the evidence, and the court accordingly finds in favor of the defendant and against the plaintiff.

"The court finds that the truck and liquor in controversy were lawfully seized by the sheriff of Sequoyah county, Okla., in the discharge of his official duties, and at the time this action was instituted the truck and liquor were lawfully in the custody of the sheriff of Sequoyah county, and held by such sheriff for the purpose of disposing of the same in accordance with the order to be entered by the proper state court of Sequoyah county, Okla.

"It is therefore ordered, decreed and adjudged by the court that the plaintiff take nothing by this action, and that the plaintiff pay the cost of this action. It is further ordered by the court that the judgment entered herein is without prejudice to the rights of the plaintiff to contest the right of the state of Oklahoma to forfeit said property in the proceedings pending in the state district court of Sequoyah county, Okla. F. E. Kennamer, United States District Judge." (Emphasis ours.)

The plaintiff then presented to the trial court in this action a motion for judgment on the pleadings on the theory that the judgment of the United States District Court was res adjudicata of the issues herein involved and precluded the Powell Brothers Truck Lines, Inc., from re-asserting its claim to right of possession of the property herein involved. When this motion came on for hearing and decision, it was stipulated by the parties in open court that the truck, trailer, and whisky involved in this proceeding for confiscation and forfeiture was the same property as was involved in the replevin action in the United States District Court, and it was further agreed that the copies of the pleadings and journal entry of judgment of that court as attached to the pleadings in this case were true and correct copies of the originals which were on file in the United States court.

The motion for judgment on the pleadings was then treated in the trial court as a motion for judgment on the pleadings and the admitted facts as stipulated by the parties, and the motion was thereupon sustained on the theory that the proceedings in the United States District Court were res adjudicata of the issues involved and precluded a further inquiry into the merits of the claim of the intervener that the property had been stolen from it in Arkansas and wrongfully and without its consent transported by the thief into Oklahoma, where it was seized by the sheriff.

The Powell Brothers Truck Lines, Inc., appeal from this judgment. They appear herein as plaintiff in errors.

In support of the judgment of the trial court, the defendant in error herein calls our attention to the frequently repeated rule with reference to a plea of res adjudicata that "a former judgment of a court of competent jurisdiction in a case between the same parties involving the same subject-matter is final and conclusive, not only as to all matters litigated in the former case, but as to every matter which might have been pleaded or given in evidence, whether the same was pleaded or not." See Norton v. Kelley, 57 Okla. 222, 156 P. 1164; Alfred v. Colbert, 44 Okla. 246, 144 P. 179; Corrugated Culvert Co. v. Simpson Tp., McIntosh Co., 51 Okla. 178, 151 P. 854; American Bank & Trust Co. of Ardmore v. Frensley, 167 Okla. 533, 30 P. (2d) 883.

The rule as stated is generally applicable when the former decision is upon the merits of the controversy. The rule, however, is not without its limitations and restrictions. Thus in the case of Billy v. Le Flore Co. Gas & Elec. Co., 146 Okla. 227, 293 P. 1009, we announced the following restriction of the limitation upon the rule in the 4th paragraph of the syllabus:

" 'A judgment or decree which expressly excepts or reserves from its operation specified rights or claims of the parties in suit, or the decision of questions in issue, or the right to take further proceedings in respect to certain matters, is not a bar to a subsequent action on the matters so reserved; but on the contrary the reservation itself becomes res adjudicata and prevents the raising of any question as to the right to bring or maintain such subsequent suit.' 34 C. J. 797."

See, also, Bellamy v. Washita Valley Tel. Co., 25 Okla. 792, 108 P. 389; 34 C. J. 896, par. 1304; 34 C. J. 797, par. 1127 (cited with approval in Billy v. Le Flore County Gas & Elec. Co., supra). See, also, Freeman on Judgments (5th Ed.) vol. 2, page 1487. par. 704 and page 1569, par. 745.

In the South Dakota case of Hardin v. Hardin, 129 N. W. 108. the Supreme Court of that state decided that a dismissal which would otherwise have been effective as res adjudicata was rendered ineffective for that purpose by reason of an inclusion in a decree of the following language: "* * * But without prejudice to the plaintiff's right to bring another action against the defendant James D. Hardin, to declare a resulting trust in the Redwater farm lands and the other properties described in the complaint."

Thus in the application of the rule the

words "without prejudice" were held to prevent the use of the judgment in support of a plea of res adjudicata as to the matters excluded, even though, as the court pointed out, the stated provision of the judgment may have been erroneous.

Thus, as applied to the case at bar, we are confronted with a judgment of the United States District Court in which it was specifically provided that:

"The judgment entered herein is without prejudice to the rights of the plaintiff to contest the right of the state of Oklahoma to forfeit the property in the proceedings pending in the state district court of Sequoyah county, Okla."

This order rendered the judgment inconsistent, and it may have been error for the United States District Court to enter such an order in connection with the disposition of the cause upon its merits, but the error, if any, was not corrected upon appeal from that judgment, and the same became final. Under such circumstances the reservation of the right to re-litigate is in itself res adjudicata and preserves that right under the rule approved in Billy v. Le Flore County Gas & Elec. Co., supra.

We think, in view of the principles above reviewed, the trial court committed error in sustaining a motion for judgment on the pleadings on the theory that the decision of the United States District Court precluded a further inquiry into the question of whether the plaintiff in error's truck and whisky had been stolen and brought into Oklahoma without its knowledge and consent.

It appears in connection with this case that the United States District Judge who tried the controversy prepared a written signed statement purporting to be explanatory of the judgment which was tendered to the trial court for its consideration. The tenor of the statement thus signed was, in effect, the basis of the decision in the United States Court was that the remedy of replevin was inappropriate to recover property seized by an Oklahoma sheriff because of the provisions of the Oklahoma statute. The trial court apparently refused to consider this statement on the theory that it did not constitute modification of the judgment and was not evidence as to the basis of the judgment, being neither a deposition nor the sworn testimony of a witness.

We find it unnecessary to consider questions relating to the propriety of considering this statement, for the reason that, under the view we take of the journal entry of judgment itself, independent of any consideration of the statement, the plaintiff in error is entitled to present its claim in the state court.

There are other questions argued in the brief which need not be considered in this opinion because in our judgment a reversal is required on the grounds stated. The judgment of the trial court is therefore reversed, with directions to grant a new trial and proceed in a manner not inconsistent with the views herein expressed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, J., absent.