HUGH BREEDING, Inc., v. GODWIN.

No. 34085.    April 7, 1953.

Rehearing Denied June 2, 1953.

*258 P. 2d 157.*

618

Rosenstein, Fist & Shidler, Tulsa, for plaintiff in error.

Carter Smith and John L. Dunn, Tulsa, for defendant in error.

ARNOLD, J. This is an appeal from a judgment of the district court of Tulsa county. It is the last of a series of three suits between the same parties, all of which arose out of the same transaction.

Suit No. 1, No. 73727, styled Clarence Godwin v. Hugh Breeding, Inc., was filed in the district court of Tulsa county on September 10, 1945. This was a suit for replevin of the title certificate to a KS7 International truck which had been sold to plaintiff by defendant and for damages for the wrongful retention thereof, basing the damages upon the loss of use of the truck-tractor which allegedly could not be operated upon the highways without such title certificate.

Suit No. 2, No. 29555, styled Clarence Godwin v. Hugh Breeding, Inc., was filed in the court of common pleas of Tulsa county on September 19, 1945; this was a suit founded on alleged breach of contract in the failure of defendant to furnish four new tires, two recapped tires, and certain repairs to the rear end of said KS7 International truck tractor, and for certain deductions for social security, unemployment insurance, and truck association dues allegedly made by defendant from plaintiff's earnings.

Suit No. 1, No. 73727, was tried in district court on December 11, 1945, before a jury. Evidence was introduced by both parties both as to the right of possession of the title certificate and as to the damages allegedly sustained by plaintiff. After both parties had rested the trial judge stated that he would submit to the jury the sole question of whether or not the plaintiff was entitled to the possession of the title certificate to the truck tractor and all other matters would be continued to some future date, then to be disposed of by the court. Plaintiff and defendant agreed to this action of the court and entered into the following written stipulation:

"It is stipulated that the court may submit this case to the jury for their consideration upon the sole question of the right of the plaintiff to recover the possession of certificate of title described in plaintiff's petition, of the tractor-truck, at the time of the commencement of the action, reserving to the court the right, in the event of a verdict for the plaintiff in the possessory action to determine the question of damages at a later time and also reserving to the court the right to adjust the equities between the parties and to render at a later time under this stipulation of reservation any, all and such judgment as the court may find to be fitting and just in regard to the question of damages and the equities of the parties."

Plaintiff's theory was as follows: Plaintiff and defendant had an oral contract of sale whereby plaintiff purchased from defendant at a price of $2,000 a used KS7 International truck-tractor, paying $500 down and giving his note for the balance of $1,500, to be paid at the rate of $125 per month, with interest on unmatured installments and interest on the whole unpaid balance if not paid at maturity, with provision for a reasonable attorney's fee if placed in the hands of an attorney for collection; as a part of this transaction, defendant agreed to furnish four new tires and two recapped tires for the truck-tractor, and make certain repairs to its rear end; as a further part of this contract, plaintiff agreed to use said truck-tractor in defendant's business of hauling gasoline, attaching thereto a trailer-tank provided by defendant, and defendant was to collect all revenue earned by said truck-tractor

and semi-trailer, paying 70% thereof to plaintiff and retaining 30%, and deducting from plaintiff's 70% the monthly payments of $125 on the purchase note above mentioned; defendant retained the title certificate to the truck-tractor, under the terms of this agreement, so that the truck-tractor could be operated in defendant's business under its Class "B" permit and be carried on its fleet insurance policy, and the title certificate was to be delivered to plaintiff if at any time he ceased to operate the truck-tractor in defendant's business. Plaintiff and defendant operated under this oral agreement from February 6, 1945, the date of the purchase of the truck, until August 20, 1945, at which time defendant refused to allow plaintiff to operate it in defendant's business. Upon demand by plaintiff, possession of the truck-tractor was delivered to plaintiff, but defendant refused to deliver possession of the title certificate thereto unless and until plaintiff either paid the balance due on the purchase note, $750, in cash, or made and executed a chattel mortgage on the truck to secure defendant in the payment of the balance due on said note. This plaintiff refused to do and filed the suits above mentioned.

In suit No. 1, No. 73727, above mentioned, the jury brought in a verdict in favor of plaintiff for possession of the title certificate to the truck-tractor. Defendant filed motion for new trial. While it does not appear in the record, defendant alleges in its brief and plaintiff does not deny that the trial judge indicated he would allow only nominal damages for the detention of the certificate of title, whereupon plaintiff filed a motion for permission to dismiss that part of his cause of action asking for damages. To this motion defendant filed a response objecting thereto because a full trial had been had and testimony introduced on the items sought to be dismissed and it would be unfair to require defendant to retry the same matters in another action. This motion and response came on for

hearing on January 3, 1946; after argument, and before the court ruled on his motion, plaintiff withdrew it and then moved for permission to withdraw without prejudice all allegations of damages from his petition, which the court granted. Defendant saved exceptions to this action of the court. The journal entry recites:

"It is further ordered, adjudged and decreed, that the plaintiff's request to withdraw without prejudice from his petition herein and from his cause of action, all of the allegations as to damages both actual and punitive, be and the same is hereby granted, to which action of the court the defendant excepted and an exception allowed."

Defendant did not appeal from the judgment, but delivered the certificate of title to plaintiff on January 7, 1946.

On January 7, 1946, suit No. 3, No. 74029, was filed in the district court of Tulsa county, styled Clarence Godwin v. Breeding, Inc., based upon alleged breach of express contract to deliver the certificate of title and the consequent loss of use of the truck-tractor for a period of 135 days, and in the second cause of action, upon alleged breach of implied contract under the statutes to deliver such certificate of title, but seeking but one recovery on both causes of action.

On January 11, 1946, suit No. 2, the common pleas action, was tried to a jury, resulting in a verdict in favor of plaintiff in the sum of $914.43; judgment was rendered in accordance with the verdict, motion for new trial was overruled, and defendant gave notice of appeal. This appeal was dismissed by this court because of failure to prepare and serve case-made within the time allowed, Hugh Breeding, Inc., v. Godwin, 197 Okla. 637, 173 P. 2d 917. That judgment has been paid.

To the petition filed in suit No. 3, No. 74029, which is the case here on appeal, defendant filed motion to make more definite and certain, which was sustained, then a general demurrer, which

was overruled, and then filed its answer asserting for the first time specifically a splitting of the causes of action and pleading in connection therewith res adjudicata by reason of the judgment in the first suit filed, No. 73727. Plaintiff then filed a second amended petition alleging in greater detail the alleged oral contract upon which the suit was based and asking for damages for the loss of use of the truck-tractor for a period of 140 days at $50 per day. To this defendant filed a motion to require plaintiff to elect as between his two causes of action, the one on the alleged express contract and the other on the alleged implied contract which was overruled; it then filed a combined motion to make more definite and certain and to strike quoted statutes, the motion to make more definite and certain being overruled, the motion to strike sustained; and separate general demurrers to plaintiff's first and second causes of action, which were overruled. Defendant then filed its answer, pleading the judgment in cause No. 73727, suit No. 1, and the judgment in suit No. 2, No. 29555, as being res adjudicata of the issues raised in the instant suit. It also filed its cross-petition setting up plaintiff's promissory note and asking judgment for the unpaid balance thereof, $750, with interest and attorneys' fee as provided by the note. To this answer and cross-petition plaintiff filed motion to strike all allegations as to suits Nos. 1 and 2, above referred to, which was overruled; defendant filed an amended answer and plaintiff then filed his demurrer to the answer which was overruled. Defendant filed a second amendment to his answer alleging the dismissal of the appeal in suit No. 2, No. 29555, supra, and that judgment had become final in such suit. Plaintiff filed his reply to defendant's answers consisting of a general denial, and allegation that the stipulation entered into in suit No. 1, No. 73727, supra, reserved the question of damages and that said suit could not be res adjudicata for that reason, alleged failure of consideration as a defense to the note, and alleged that defendant should have litigated the note in suit No. 2, the common pleas suit, supra, and as it did not is now barred from seeking relief on the note. Defendant filed motion for judgment on the pleadings, which was overruled. On the issues as thus made up the case came on for trial on January 21, 1948. The case was tried to the court.

Plaintiff's evidence tended to prove the rental value of the truck-tractor to be from $35 to $50 per day, although all his witnesses admitted such sums included charges for oil and gas and wages of a driver; defendant's evidence tended to prove the reasonable rental value of such a truck-tractor to be $5 per day. At the conclusion of all the evidence and after both parties had rested, the trial judge after making findings of fact rendered judgment for plaintiff for $2,025 damages and for the defendant for the balance of the principal due on the note, together with a reasonable attorney's fee, refusing to give defendant judgment for the interest accrued and provided for in the note and offset the defendant's judgment against the plaintiff's judgment. From order overruling motion for new trial, defendant brings this appeal. Plaintiff, Godwin, did not cross-appeal and does not argue either question raised in his reply to the answer of defendant concerning the note.

For reversal, defendant argues that the defense of res adjudicata bars this suit; that the three suits filed are between the same parties, upon the same subject matter, with the same issues relating to the same subject matter and the capacity of the parties the same as to the subject matter and the issues, and therefore contain all the elements of res adjudicata as held by this court to be necessary in St. Louis & San Francisco Railway Co. v. Stuckwish, Admr., 137 Okla. 251, 279 P. 683; In re Widener's Estate, 112 Okla. 54, 240 P. 608; Penney v. Walters, 121 Okla. 281, 249 P. 736; that plaintiff could

and should have litigated all of his claims in suit No. 1, No. 73727, supra, or suit No. 2, No. 29555, supra. He cites Akin v. Bonfils, 67 Okla. 123, 169 P. 899; Brown v. Chowning, 59 Okla. 278, 159 P. 323; and Hales Mullaly, Inc., v. Cannon, 189 Okla. 613, 119 P. 2d 46, all of which state the rule that an entire claim or demand cannot be split so as to be made the subject of different actions for different parts, and if this is done and separate actions are brought a judgment on the merits in one will bar the others. In answer to this proposition plaintiff concedes the rule but contends that the rule against splitting causes of action is for the benefit of the defendant and a defendant will be presumed to have waived the rule unless timely objection is made, citing Todd v. Central Petroleum Co., 155 Kan. 249, 124 P. 2d 704; Georgie Ry. & Power Co. v. Endsley, 167 Ga. 439, 145 S.E. 851, 62 A.L.R. 256. These cases are not in point with the fact situation here, for in each of those cases the plaintiff filed separate suits on separate items of damage, the defendant filed dilatory pleas in each suit, and not until one suit was brought to final judgment was the plea of res adjudicata raised in the other suit. Here plaintiff filed one suit in replevin and for damages, and almost simultaneously filed another suit for different damages but growing out of the same transaction; in neither, although the plea of "another action pending" was available, did defendant make such plea and both cases went to final judgment. When the third suit was filed, as hereinbefore pointed out, defendant filed a motion to make more definite and certain and to strike; when these were ruled upon he filed general demurrer. The plea of res adjudicata based upon splitting of causes of action is an affirmative defense and can only be raised by answer. 12 O.S. 1951 §267; Simpson v. Highfill, 172 Okla. 141, 45 P. 2d 115; Whitson v. City of Pauls Valley, 182 Okla. 306, 77 P. 2d 711; Bronson v. Reid, 167 Okla. 447, 30 P. 2d 459. In his answer he pleaded res adjudicata on this basis. His plea was therefore timely.

But plaintiff further claims that the stipulation entered into by the parties, after both sides had rested and submitted the cause, in suit No. 1, No. 73727, supra, reserving to the court the right at a later date, in the event of a verdict for plaintiff in the possessory action, to determine the question of damages and adjust the equities between the parties, and the judgment of the court above quoted permitting plaintiff to withdraw without prejudice all the allegations of damages from his petition, reserved to plaintiff the right to split his cause of action and bring a subsequent suit. He cites Powell Brothers v. State, 177 Okla. 568, 61 P. 2d 231. The defendant concedes that a claim arising out of the same transaction may be reserved from the operation of the judgment by the court as was done in Billy v. LeFlore County Gas & Electric Co., 146 Okla. 227, 293 P. 1009, but states there was no reservation in the judgment here.

There can be no question what was in the minds of the parties and the court when the stipulation above quoted was entered into: If the jury brought in a verdict in favor of defendant for possession of the title certificate, there would be no damages, and if it brought in a verdict in favor of plaintiff, the trial judge would then determine the damages upon the basis of the evidence already introduced. After the jury brought in a verdict for plaintiff for possession of the title certificate, plaintiff then sought to dismiss his cause of action for damages; when defendant resisted plaintiff then asked and got permission to withdraw without prejudice all allegations of damages from his petition. This was recited in the journal entry and is quoted above. This left the suit in the same position as if originally filed asking for replevin only without seeking damages. We hold there was no reserva-

tion in the judgment in suit No. 1, No. 73727, supra.

Though the note shows on its face that interest is provided for, and plaintiff concedes this to be true, the court rendered judgment for defendant on its cross-petition for the unpaid balance of the note, without interest, and a reasonable attorney's fee, and then offset this judgment against the judgment for damages entered in favor of plaintiff. Since we have held that plaintiff was not entitled to any judgment on his cause of action asserted, it is obvious that defendant was entitled to judgment for accrued interest.

Reversed, with directions to vacate the judgment entered in favor of plaintiff, dismiss his cause of action, and amplify the judgment in favor of defendant, Hugh Breeding, Inc., by the addition of accrued interest.

JOHNSON, V.C.J., and CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur.