**Tommy Lee BARNHART, Plaintiff,**

v.

**INTERNATIONAL HARVESTER COMPANY, a Foreign Corporation, Rockwell-Standard Corporation, a Foreign Corporation, Defendants.**

**No. 69–C–116.**

United States District Court
N. D. Oklahoma.

Jan. 8, 1970.

Sanders & McElroy and Floyd L. Walker, Tulsa, Okla., for the plaintiffs.

Best, Sharp, Thomas & Glass, Tulsa, Okla., (International Harvester) by Joseph M. Best, Tulsa, Okla., and Alfred B. Knight, Tulsa, Okla., (Rockwell-Standard), for defendants.

DAUGHERTY, District Judge.

ORDER

The Motion of the parties in the above case to certify the question of the joinder of Employers Mutual of Wausau as an additional party plaintiff to the Court of Appeals under 28 U.S.C.A. § 1292(b) [1] is denied.

It is not felt that the above joinder of a party plaintiff involves a controlling question of law which will materially advance the ultimate termination of the litigation with the meaning of the above statute. Kraus v. Board of County Road Commissioners for Kent County, 364 F.2d 919 (Sixth Cir. 1966); World Tradeways Shipping, Ltd. v. Nimpex Intern., Inc., 373 F.2d 860 (Second Cir. 1967), cert. denied Bivens v. United States, 389 U.S. 901, 88 S.Ct. 228, 19 L.Ed.2d 224; United States Rubber Company v. Wright, 359 F.2d 784 (Ninth Cir. 1966); In re Heddendorf, 263 F.2d 887 (First Cir. 1959); Milbert v. Bison Laboratories, Inc., 260 F.2d 431 (Third Cir. 1958). Whether the additional party

---

1. This Statute provides:
    "(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

plaintiff is present or absent in the case, a trial of the case on its merits will be necessary. See Bowling Machines, Inc. v. First National Bank of Boston, 283 F.2d 39 (First Cir. 1960). It is not the purpose of the certification statute, supra, to avoid possible error. United States Rubber Company v. Wright, supra. The controlling issues in this case appear to be liability in tort and if liability is present, damages resulting therefrom. These controlling issues are essentially issues of fact and not of law. They must be decided whether the additional party plaintiff is present or absent. Bowling Machines, Inc. v. First National Bank of Boston, supra.

In addition, there is no difference of opinion as far as the United States Court of Appeals for the Tenth Circuit is concerned about the joinder of the insurance company which has paid certain benefits to the Plaintiff and thereby possesses subrogation rights in Plaintiff's cause of action against the Defendants. See Berger v. United States, 170 F.Supp. 795 (D.C.N.Y.1959). The Tenth Circuit has clearly said that the joinder requested herein must be ordered upon a timely motion. Gas Service Company v. Hunt, 183 F.2d 417 (Tenth Cir. 1950). It was merely the observation and belief of this Court that a different rule is preferable and if our Circuit should agree, it could so announce on a prospective basis.

If the Defendant Rockwell-Standard Corporation feels that the Tenth Circuit should overrule Gas Service Company v. Hunt, supra, and may apply a different rule to this case, it should withdraw its Motion to Make Additional Party Plaintiff. It is fully protected from paying twice by Lowder v. Oklahoma Farm Bureau Mutual Ins. Co., 436 P.2d 654 (Okl. 1968).

The Motion is denied. Defendant Rockwell Standard Corporation will take immediate action to add the additional party plaintiff it requests to have in the case or withdraw its Motion to add such party plaintiff.