**GREATER OKLAHOMA CITY AMUSE-
MENTS, INC., Plaintiff in Error,**

v.

**Ralph A. MOYER, Defendant in Error.**

**No. 42608.**

Supreme Court of Oklahoma.

Nov. 17, 1970.

Keith McMillin, Oklahoma City, for plaintiff in error.

James F. Fellingham, Oklahoma City, for defendant in error.

DAVISON, Justice.

Greater Oklahoma City Amusements, Inc. (defendant below) appeals from a jury verdict rendered against it in favor of Ralph A. Moyer (plaintiff below) for $175.00. We will refer to the parties by their trial court designation.

The single proposition of error presented by defendant is that plaintiff split his cause of action and filed multiple lawsuits against defendant and that plaintiff was barred from prosecuting the present action.

This is an appeal in simplified form. The stipulation of the parties and the testimony of plaintiff disclose the following facts pertinent to the above proposition of error. Defendant was the owner of one or more theatres in Oklahoma City, Oklahoma, and plaintiff was a "publicist" or publicity man. A short time prior to April 4, 1966, as a result of one or more telephone calls to plaintiff in Atlantic City, New Jersey, the defendant employed plaintiff to work in Oklahoma City as a promotion or publicity director. The employment agreement was entirely oral. Plaintiff testified that the agreement was that he was to receive $135.00 per week "Plus all expenses, * * not only to Oklahoma City, but afterwards;" that "all expenses" meant "all expenses including the hotel room rent and meals, as well as entertainment expense, transportation, tips;" that he "only had one contract with" defendant, and that was "Salary, plus all expenses."

Plaintiff traveled to Oklahoma City and after working three or four weeks was discharged. His transportation to Oklahoma City and his salary of $135.00 a week was paid by defendant. Plaintiff then filed three separate actions against defendant in a Justice of the Peace Court, being: No. 7724, for $120.00 for "reim-

bursement for hotel bills;" No. 7725 for $123.98 for "reimbursement for train fare;" and No. 7726 for $175.00 for "reimbursement for meals, fares and expenses arising out of entertainment." (Each of these cases was less than the maximum $200.00 jurisdictional limit in Justice of the Peace Courts.) At the trial the defendant announced ready in 7724, and moved the dismissal of 7725 and 7726. The court tried the cases and at the conclusion thereof found for the defendants on the merits in 7724 ("hotel bills"), sustained the motion to dismiss in 7725 ("train fare"), and rendered judgment for plaintiff in 7726 ("entertainment").

Plaintiff did not appeal from the adverse judgments rendered in 7724 and 7725. Defendant did appeal to the Common Pleas Court from the judgment rendered against it in 7726.

In the Common Pleas Court the defendant moved that the action (formerly 7726) be dismissed on the ground that the plaintiff had split his cause of action. This motion was denied. The action was then tried to a jury, which returned a verdict in plaintiff's favor for $175.00.

It is defendant's contention that the contract of employment was an entire or indivisible contract which would support only a single cause of action. Defendant contends that plaintiff was guilty of splitting this cause of action when he filed the three separate actions in the Justice of the Peace Court, and that the final disposition of the first filed action (No. 7724) effectively barred plaintiff from prosecuting the present action.

In Hugh Breeding, Inc. v. Godwin, 208 Okl. 617, 258 P.2d 157, 160, we said that an entire claim or demand cannot be split so as to be made the subject of different actions for different parts, and, if this is done and separate actions are brought, a judgment on the merits in one will bar the others.

The general rule against splitting causes of action is that a single wrong gives rise to one cause of action and for which only one suit may be maintained to recover all damages which had then accrued because of the commission of such wrong, however numerous the element or items of damage resulting therefrom. State ex rel. Brett, County Atty. v. North American Life Ins. Co. of Chicago, Ill., 203 Okl. 672, 225 P.2d 796, 798. 1 C.J.S. Actions p. 1316, § 103a, and p. 1326, § 103c(7).

The difficulty in applying the rule against splitting a cause of action, is in distinguishing between entire and severable contracts. In 17A C.J.S. Contracts p. 306, § 331, it is stated that "in the final analysis there is no formula or rule which furnishes a test for determining in all cases what contracts are severable and what are entire, and consequently each case must depend very large on the terms and circumstances of the contract involved."

A number of rules have been stated as a guide to determining whether a contract is severable or entire.

In Snyder v. Noss, 99 Okl. 142, 226 P. 319, we stated as follows:

"A contract is entire when its terms, nature, and purposes show that it is contemplated and intended that each and all of its parts, material provisions, and the consideration are common each to the other and interdependent. The intention of the parties is to be ascertained from the language used, the subject-matter, and a consideration of all the circumstances."

See Morgan v. Firestone Tire & Rubber Co., 68 Idaho 506, 201 P.2d 976, 980, where the court also approved the above rule.

In Board of Com'rs of Kingfisher County v. Vahlberg, 198 Okl. 527, 180 P.2d 144, we stated a further rule as follows:

"A severable contract is one susceptible of division and apportionment in its nature and purpose, and having two or more parts, not necessarily dependent on each other, nor so intended by the parties, in respect to matters and things contemplated and embraced in the contract, and whether a contract is entire or severable is primarily a question of intention

to be determined from language used by the parties and the subject matter of agreement."

And in O'Malley Investment and Realty Co. v. Trimble, 5 Ariz.App. 10, 422 P.2d 740, 747, the court quoted from Waddell v. White, 51 Ariz. 526, 78 P.2d 490, 496, as follows:

"'A contract may both in its nature and by its terms be severable, and yet rendered entire by the intention of the parties. We think that perhaps the best test is whether all of the things, as a whole, are of the essence of the contract. That is, if it appeared that the purpose was to take the whole or none, then the contract would be entire; otherwise, it would be severable.'"

In the light of the above rules, it is our opinion that the contract between plaintiff and defendant was entire and indivisible. Plaintiff testified, supra, that the consideration for his services was $135.00 per week "plus all expenses" and then enumerated what was included in "all expenses." It is clear, from plaintiff's testimony, that he accepted employment with defendant under a "package deal" of $135.00 per week "plus all expenses." In this situation all provisions of the employment agreement were dependent on each other. Furthermore, under the circumstances, all parts of the contract were the essence of the contract because neither party to the agreement would have accepted partial performance of its terms.

Plaintiff relies mainly on our decision in Board of Com'rs of Kingfisher County v. Vahlberg, supra, in which we held that an architect's contract with the county was severable, and affirmed the judgment of the trial court whereby the architect secured judgment for the portion of his fee applicable to a severable part of the contract. The contract in the present appeal is not analogous to that in the cited case. The architect's contract provided for a fee of 6% of the cost of the work, payable 20% upon completion of preliminary studies and 70% upon completion of specifications and general working drawings. We affirmed recovery of the 70% portion on the ground that the contract expressly provided for partial payments of the fee in accord with a schedule of progress in preparation of the plans and specifications.

It is our conclusion that the agreement in the present case was entire and indivisible and that plaintiff had a single cause of action. Plaintiff split this cause of action when he filed the three actions in the Justice of the Peace Court. As a consequence, plaintiff was barred from maintaining the present action.

The judgment of the trial court is reversed with instructions to dismiss plaintiff's action.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES and McINERNEY, JJ., concur.