**BETHLEHEM STEEL CORPORATION,**
**Buffalo Tank Division, a Corpo-**
**ration, Plaintiff,**

v.

**Alton B. HOLMES, d/b/a A. B. Holmes**
**& Company, Defendant.**

**No. 70–C–275 Civ.**

United States District Court,
N. D. Oklahoma.

Feb. 8, 1971.

Richard W. Gable and John Kinslow, Tulsa, Okla., for plaintiff.

Mason & Mason, Tulsa, Okla., for defendant.

### ORDER

DAUGHERTY, District Judge.

Plaintiff has moved for summary judgment asserting that no genuine material fact issue remains in this case. Plaintiff's action is for the balance of an account owed Plaintiff by Defendant

according to the allegations of its Complaint. Defendant has alleged in his Answer and Counter-Claim that Plaintiff previously brought suit against Defendant in the District Court in and for the City and County of Denver, Colorado, on this same claim. In that suit, Defendant alleges, Plaintiff sought to foreclose a mechanic's lien, accepted $3,692 and dismissed the action without prejudice. Although cast in the form of a counterclaim, Defendant asserts the defense that Plaintiff has split its cause of action and may not for that reason effect any recovery herein. Defendant also counterclaimed for damages alleged to have arisen from an asserted injury to the business relations of Defendant and another, but by Defendant's counsel's letter dated January 27, 1971, this counterclaim was abandoned. Defendant does not specifically deny the existence of Plaintiff's account or the balance of $16,665.54 due thereon and Defendant's sole defense to Plaintiff's action is that of splitting its cause of action as described above. Under these circumstances, the Court finds and concludes that there remain in the case no genuine material issues of fact in the case and that the only issue remaining in the case, that of the defense of splitting Plaintiff's cause of action, is an issue of law to be decided by the Court.

■ It is the rule in Oklahoma that one may not, having a single indivisible cause of action, separately or successively sue thereon. See Lowder v. Oklahoma Farm Bureau Mutual Ins. Co., 436 P.2d 654 (Okl.1968). However, the first suit between the parties herein was terminated by a dismissal without prejudice at Plaintiff's instance. Part of Plaintiff's claim against Defendant was paid, but there is nothing in the files and records of this case to show that this payment was a settlement in full of the Plaintiff's account. In this connection, it is stated in 1 C.J.S. Actions § 103, at page 1316,

"An entire contract or entire claim or demand arising out of contract cannot be split up and made the subject of different actions. * * * However, the settlement of a portion of a claim, it not being intended as full satisfaction, will not, because of the application of the rule against splitting, prevent an action for the remainder."

This particular problem seems to have been contemplated, but not decided by the Oklahoma courts. In Akin v. Bonfils, 67 Okl. 123, 169 P. 899 (1917), the court stated:

"The rule that a single cause of action or entire claim or demand cannot be split up or divided so as to be made the subject of different actions for different parts is well settled. If this is done, and separate actions are brought for different parts of such demand or cause of action, a judgment upon the merits in either will be available as a bar in the other." 169 P. at pages 900–901.

According to the implication of this statement, a judgment in the former action would be required to invoke the rule against splitting causes of action. In Empire Oil & Refining Co. v. Chapman, 182 Okl. 639, 79 P.2d 608 (1938), the court first stated that a final judgment as well as a dismissal on an agreed settlement would be a bar to a further action, and in that case the dismissal was with prejudice which the court considered would have barred the plaintiff therein had not the defendant under the circumstances of the case waived such defense. The few cases annotated in 87 A.L.R. 781–783 uniformly allow prosecution of a second or subsequent action where only a partial as distinguished from a full settlement has been made.

■ The rule against splitting a cause of action is closely related to principles of res judicata, and on the basis of the information supplied the Court concerning the proceedings in Colorado by the parties herein, the Court cannot conclude that those proceedings were conclusive as to any matter between the parties. In this respect, the Oklahoma

court in the *Empire Oil & Refining* case, supra, stated:

"The rule against splitting of a single and indivisible cause of action works harmoniously into, and is a part of, the rule concerning a thing adjudged. It is in many cases accountable for that portion of the latter rule which extends its operation beyond the things actually litigated, to those things 'which could or might have been' litigated." 79 P.2d at page 610.

It appears that the Oklahoma law requires in satisfaction of the rule against splitting a cause of action that a former action be litigated to a point of conclusiveness between the parties before it may be set up as a defense to a subsequent action based on the same cause.

The Court therefore concludes that the defense here asserted by Defendant is without legal merit.

Plaintiff's Motion for Summary Judgment is granted and counsel for Plaintiff is requested to submit to the Court an appropriate judgment within fifteen (15) days of the date hereof.

It is so ordered this 8th day of February, 1971.